**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

MICHAEL WASILEWSKI,                    )
                                       )
     Plaintiff,                       )          18 cv 03909
                                       )
     v.                               )
                                       )
TARGET CORPORATION,                    )
                                       )
     Defendant.                       )

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**AMENDED COMPLAINT AT LAW**

NOW COMES Defendant, TARGET CORPORATION, by and through its attorneys,

BRYCE DOWNEY & LENKOV LLC, and FOR ITS Answer and Affirmative Defenses to

Plaintiff's Amended Complaint at Law hereby states as follows:

1.      On or about February 14, 2017, Defendant TARGET owned, operated, managed, maintained, controlled, or had a duty to possess, operate, manage, maintain, and control, both directly and indirectly, individually and through their agents, servants, and employees, a certain Target store identified as store number 2035 located at 7300 W. 191st St., Village of Tinley Park, County of Cook, State of Illinois (hereinafter "the store").

**ANSWER**:      **Defendant admits that on 2/14/17, it operated a retail store located at 7300 W. 191st Street, Tinley Park, Illinois, but denies the remainder of the allegations contained in Paragraph No. 1.**

2.      On or about February 14, 2017, Plaintiff WASILEWSKI, was lawfully shopping in the store and was a business invitee of the Defendant.

**ANSWER:**      **Defendant has insufficient information with which to admit or deny the allegations contained in Paragraph No. 2 and therefore neither admits nor denies the same, but demands strict proof thereof at trial.**

3.      At all relevant times hereto, Defendant TARGET, owed Plaintiff WASILEWSKI a duty to ensure that the store floor was properly maintained by their agents, servants, and employees and to exercise ordinary care in the store's ownership, operation, and maintenance of the aforesaid store floor so as to provide a reasonably safe floor for all persons lawfully on said premises.

**ANSWER:** **Defendant admits only to those duties imposes by law, but denies that Paragraph No. 3 accurately states those duties and therefore denies the allegations contained in Paragraph No. 3.**

4.       At all relevant times hereto, Plaintiff WASILEWSKI, was in the exercise of ordinary care for his own personal safety and the safety of others nearby.

**ANSWER:** **Defendant denies the allegations contained in Paragraph No. 4.**

5.       On or about February 14, 2017, the Plaintiff WASILEWSKI was shopping at the store and was caused to slip and fall onto the store floor due to water on the floor caused by the placement of a self-serve flower display, wherein the flowers were stored in water that dripped onto the floor whenever customers took flowers from the display.

**ANSWER:** **Defendant denies the allegations contained in Paragraph No. 5.**

6.       Defendant TARGET individually and by and through its agents, servants, and employees created the dangerous condition by placing the flower display in its location without any mats or rugs to catch water that would drip from the flowers as they were removed from the display.

**ANSWER:** **Defendant denies the allegations contained in Paragraph No. 6.**

7.       Alternatively, Defendant TARGET individually and by and through its agents, servants, and employees had actual or constructive notice that the water had accumulated on the store floor located on the subject premises.

**ANSWER:** **Defendant denies the allegations contained in Paragraph No. 7.**

8.       Despite its aforesaid duties Defendant TARGET by and through its agents, servants, and employees were negligent and careless in the maintenance of their premises as follows:

   a.       Failed to operate, manage, maintain, and control the aforesaid premises in a reasonably safe condition;

   b.       Created a dangerous condition by placing a flower display with water on a tile floor without any rugs or mats to catch dripping water, when it was foreseeable to Defendant that water would drip when customers removed flowers from the display; when Defendant knew that such condition was likely to cause injuries to customers including Plaintiff WASILEWSKI;

   c.       Allowed and permitted the water to remain on their floor which it knew, or in the exercise of ordinary care should have known, it existed;

      d.        Failed to properly and adequately remove the water on the store floor on their premises;

      e.        Failed to make a reasonable inspection of the aforesaid premises, when Defendant TARGET knew, or should have known, that said inspection was necessary to prevent injury to Plaintiff WASILEWSKI;

      f.        Failed to warn Plaintiff WASILEWSKI of the dangerous condition on Defendant, TARGET's, premises, when TARGET knew, or in the exercise of ordinary care, should have known, that said warning was necessary to prevent injury to the Plaintiff WASILEWSKI;

      g.        Failed to create, implement, and maintain an adequate maintenance program to ensure that the store floor was clean and free from liquid;

      h.        Failed to provide a safe means of ingress and egress throughout the grounds of the subject premises; and

      i.        Was otherwise negligent.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph No. 8 including sub-paragraphs a-i inclusive.**

      9.      That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant TARGET by and through its agents, servants, and employees, the Plaintiff WASILEWSKI then and there sustained severe and permanent injuries, and was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of that time as aforementioned; whereby causing Plaintiff WASILEWSKI to lose considerable income and earnings. Plaintiff WASILEWSKI also suffered great pain and anguish both in mind and body and will in the future continue to suffer the same. Further, Plaintiff WASILEWSKI has expended and become liable for substantial sums of medical care and services while endeavoring to become cured and healed of said injuries and will continue to so expend and become liable for additional sums.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph No. 9.**

WHEREFORE, Defendant, TARGET CORPORATION, prays for judgment to be entered in its favor and against Plaintiff, MICHAEL WASILEWSKI, plus costs and any other and further relief which this Honorable Court deems necessary and just.

**FIRST AFFIRMATIVE DEFENSE**

1. On or about 2/14/17, Plaintiff, MICHAEL WASILEWSKI, was allegedly at the retail store operated by Defendant at 7300 W. 191st Street, Tinley Park, Illinois.

2. At that time, Plaintiff, MICHAEL WASILEWSKI, claims he was injured when he allegedly slipped and fell onto the store floor due to water on the floor of the subject store.

3. At the time of the accident in question, Plaintiff, MICHAEL WASILEWSKI, had a duty to exercise ordinary care for his own safety.

4. Notwithstanding this duty and in direct violation thereof, Plaintiff was guilty of one or more of the following acts and/or omissions which proximately caused his alleged injuries and damages as alleged in Plaintiff's Amended Complaint at Law:

> (a)  Failed to exercise reasonable care and caution for his own safety;
>
> (b)  Failed to observe an open and obvious condition;
>
> (c)  Failed to keep a proper lookout;
>
> (d)  Failed to avoid an open and obvious condition; and
>
> (e)  Acted otherwise carelessly and negligently.

5. Plaintiff was himself at fault for the injuries and damages alleged in his Amended Complaint at Law.

6. At all times relevant, 735 ILCS 5/2-1116 was an Illinois Statute in full force and effect.

7. Plaintiff, MICHAEL WASILEWSKI's, contributory fault is more than 50% of the proximate cause of the alleged injuries or damages and his fault bars his claim against this Defendant pursuant to 735 ILCS 5/2-1116.

WHEREFORE, Defendant, TARGET CORPORATION, prays that in the event the trier of fact finds the negligence of Plaintiff exceeds 50%, this Honorable Court enter an order barring Plaintiff from any recovery, dismissing Plaintiff's Amended Complaint at Law with prejudice and without costs and for such other relief as this Honorable Court deems necessary and just.

### SECOND AFFIRMATIVE DEFENSE

1-5.    Defendant restates and realleges Paragraph 1-5 of its First Affirmative Defense as Paragraphs 1-5 of its Second Affirmative defense as if fully restated herein.

6.    If Plaintiff, MICHAEL WASILEWSKI's contributory fault is less than or equal to 50% of the proximate cause of his alleged injuries and/or damages, any such damages are diminished in proportion to the amount of fault attributable to the Plaintiff, pursuant to 735 ILCS 5/2-1116.

WHEREFORE, Defendant, TARGET CORPORATION, respectfully requests that this Court reduce any judgment rendered against Defendant, TARGET CORPORATION, in an amount commensurate with Plaintiff, MICHAEL WASILEWSKI's percentage of contributory fault and any such other and further relief as this Honorable Court deems necessary and just.

**BRYCE DOWNEY & LENKOV LLC**

TARGET CORPORATION

By:    /s/*Christopher M. Puckelwartz*
         One of Defendant's Attorneys

Rich Lenkov, #6231079
Christopher M. Puckelwartz, #6243690
BRYCE DOWNEY & LENKOV LLC
200 North LaSalle Street, Suite 2700
Chicago, IL 60601
P: 312-377-1501, F: 312-377-1502
E: rlenkov@bdlfirm.com, E: cpuckelwartz@bdlfirm.com

## AFFIDAVIT FOR LACK OF KNOWLEDGE

CHRISTOPHER M. PUCKELWARTZ, being first duly sworn upon oath, deposes and states that he is one of the attorneys for Defendant, TARGET CORPORATION, and that he has insufficient information to form a belief as to the truth or falsity of the allegations contained within Paragraph No. 2 of Plaintiff's Amended Complaint at Law.

Respectfully submitted,

TARGET CORPORATION

By:     *s:/Christopher M, Puckelwartz*
        One of Defendant's Attorneys

Rich Lenkov, #6231079
Christopher M. Puckelwartz, #6243690
BRYCE DOWNEY & LENKOV LLC
200 North LaSalle Street, Suite 2700
Chicago, IL 60601
P: 312-377-1501, F: 312-377-1502
E:  rlenkov@bdlfirm.com, E:  cpuckelwartz@bdlfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on **June 20, 2018**, 1 electronically filed the foregoing **Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint at Law** with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

**BRYCE DOWNEY & LENKOV LLC**

TARGET CORPORATION

By:     *s:/Christopher M, Puckelwartz*
        One of Defendant's Attorneys

**Plaintiff's Counsel:**
Jonathan P. Mincieli
Meyers & Flowers, LLC
3 N. Second Street, Suite 300
St. Charles, IL 60174
P: 630-232-6333
E: jpm@meyers-flowers.com