IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WASILEWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18 C 3909 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| TARGET CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Michael Wasilewski's motion to remand (dkt. 9) is granted and his request for attorneys' fees and costs associated with remanding this action is denied. See Statement.

## STATEMENT

### I. Background

Wasilewski filed a single-count negligence action in the Circuit Court of Cook County, Illinois based on a slip and fall incident that occurred on February 14, 2017 at a Target store located at 7300 West 191st Street in the Village of Tinley Park, Illinois. He originally filed the complaint on March 26, 2018 against Target Corporate Services, Inc. (Target Services) and Target Corporation d/b/a Target Stores (Target). Target and Target Services were served with the complaint on March 30, 2018. Thereafter, on May 4, 2018, defense counsel informed Wasilewski that Target Services had not been located in Illinois since April 4, 2016 and was thus incorrectly named as a defendant. Wasilewski voluntarily dismissed Target Services on May 23, 2018, and filed an amended complaint on May 30, 2018, dropping Target Services as a defendant and amending the designation of Target Corporation d/b/a/ Target Stores, to Target Corporation.

Wasilewski is a citizen of Illinois and both Target Corporation Services, Inc. and Target are corporations organized and existing under the laws of the State of Minnesota. The parties agree that the amount in controversy exceeds $75,000 exclusive of interest and costs. Wasilewski informed Target on June 1, 2018 that he could not stipulate that his damages are below $75,000.

On June 5, 2018, Target filed a notice of removal asserting that federal jurisdiction exists in this case pursuant to 28 U.S.C. §§ 1332. Wasilewski filed a motion to remand on June 27, 2018, arguing that Target's notice of removal was untimely.

### II. Legal Standard

A defendant may remove a case filed in state court if the federal court would have had original jurisdiction to hear the case. 28 U.S.C. § 1441(a). Ordinarily, a notice of removal must

be filed within thirty days after the defendant receives a copy of the initial pleading in a case. 28 U.S.C. § 1446(b). The statute further provides, however, that

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The party seeking removal bears the burden of establishing federal jurisdiction. *Schur* v. *L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Further, federal courts should interpret the removal statute narrowly and resolve any doubt in favor of the plaintiff's choice of forum in state court. *Id.*

**III.    Analysis**

    **A.    Removal**

Wasilewski argues that Target's removal of this action was untimely because Target was on notice that diversity jurisdiction existed at the time it was served with the initial complaint on March 30, 2018. Thus, Target had until April 30, 2018 to file a notice of removal but did not do so until June 5, 2018.

Target counters that the presence of Target Services, a defunct entity, prevented immediate removal because this entity could not consent to removal as required under 28 U.S.C. § 1446(b)(2)(A). It was, therefore, not until Wasilewski voluntarily dismissed Target Services on May 23, 2018 that the case first became removable, and Target had until June 22, 2018 to file its notice of removal. Target contends that it met this deadline by filing its removal notice on June 5, 2018.

Wasilewski maintains that because Target Services had no role or interest in the litigation and its relation to the suit was incidental, it was a nominal party, and thus was not required to consent to removal. He also points out that Target Services did not cease to exist but, rather, merged into Target Enterprise, Inc. (Target Enterprise), effective January 31, 2016. According to the Illinois Secretary of State Corporate File Detail Reports, the president of both Target Enterprise and Target is Brian C. Cornell, so Mr. Cornell could have consented to removal.

Generally, all defendants must join in or consent to removal. 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action"). Nominal parties, however, need not join the removal. *See Ryan* v. *State Bd. of Elections of State of Ill.*, 661 F.2d 1130, 1133–34 (7th Cir. 1981). A defendant "is nominal if there is no reasonable basis for predicting that it will be held liable." *Shaw* v. *Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993). Given that Target Services is a defunct entity, and that the amended complaint seeks the same relief but drops Target Services as a defendant, Target Services was a nominal party. It thus was not required to consent to removal.

Even if Target Services' consent to removal was required, Target could have alerted Wasilewski not only to the fact that Target Services did not exist under that name, but also that it

had merged with Target Enterprises before the April 30, 2018 deadline for removal. Instead, Target waited until 4 days later (May 4, 2018) to tell Wasilewski that Target Services "ceased to exist." Given that Mr. Cornell is the president of both Target and Target Enterprises, Target (the remaining defendant in this case) certainly knew that Target Services could not consent to removal well before the removal deadline came and went and could have acted on that information in a timely fashion.

### B. Attorneys' Fees and Costs

Wasilewski also seeks an order requiring Target to pay attorneys' fees and costs incurred as a result of the removal. 28 U.S.C. § 1447(c) provides for the possibility of fees and costs where the court finds it was improper for the defendant to remove the case. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin* v. *Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704 (2005). District courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. *Id.* The court respectfully exercises its discretion not to award costs and fees in this case. Although its basis for removal was found wanting by the court, Target did present a colorable removal argument. Under these circumstances, an award of costs and fees would be inappropriate.

Date: October 3, 2018

_____
U.S. District Judge Joan H. Lefkow